# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00189-MR-DLH

| | |
|---|---|
| **KAISERKANE, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **NORTH AMERICAN ROOFING** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 44] and the Defendant's Cross-Motion for Summary Judgment [Doc. 48].

## I.  BACKGROUND

The following facts are not in dispute. The Plaintiff KaiserKane, Inc. ("KaiserKane") is a general contractor that provides construction management and design/build construction services for a diverse range of projects. In 2007 or 2008, KaiserKane was selected by the federal Bureau of Prisons (BOP) to serve as the general contractor for a project to replace the roofs on three buildings at the Federal Correctional Institution Fort Dix (FCI Fort Dix), located in Burlington County, New Jersey.  After being

selected by the BOP as the general contractor for the FCI Fort Dix project, KaiserKane entered into a subcontract agreement with the Defendant North American Roofing Services, Inc. ("NARS") dated September 16, 2007. In addition to the roof replacement work, the FCI Fort Dix project also involved the removal of asbestos materials. The asbestos removal and abatement work was performed by Briggs Contracting Services, Inc. ("Briggs") pursuant to a separate agreement between NARS and Briggs. The work at the FCI Fort Dix project lasted approximately thirteen months and was completed in October 2009.

In 2010, Hitham Abuhouran ("Abuhouran") filed a federal lawsuit against KaiserKane, NARS, Briggs, and others in the Middle District of Pennsylvania. Abuhouran alleged that he was a prisoner at FCI Fort Dix during the relevant reroofing period and that KaiserKane, NARS, and Briggs were negligent in the removal and abatement of asbestos as a part of that project. Thereafter, the Middle District of Pennsylvania transferred the Abuhouran litigation to the District of New Jersey under 28 U.S.C. § 1404.

On September 12, 2012, the U.S. District Court for the District of New Jersey dismissed the Abuhouran federal court litigation without prejudice under Federal Rule of Civil Procedure 12(b)(7) for failure to join an

indispensable party.[1] Abuhouran then re-filed his lawsuit against KaiserKane, NARS, Briggs, and other defendants in New Jersey state court. KaiserKane, NARS, Briggs, and the other named defendants answered the state court complaint of Abuhouran, denied Abuhouran's allegations against them, and asserted cross-claims against one another. KaiserKane's cross-claims in the Abuhouran state court litigation alleged that: (a) NARS owed it contractual indemnity under the parties' Subcontract Agreement; and (b) KaiserKane was a third-party beneficiary of any contractual claim for indemnity that NARS may have against Briggs under their agreement.

During the Abuhouran state court litigation, NARS filed and served a motion for summary judgment seeking dismissal of the plaintiff's claims. Abuhouran did not timely respond to NARS's motion for summary judgment. On August 22, 2014, the New Jersey state court granted the motion, dismissed Abuhouran's action with prejudice, and dismissed the cross-claims that KaiserKane and the other defendants had brought against one another. Subsequently, Abuhouran filed a motion to reinstate his claims and

---

[1] Abuhouran's original complaint included as a defendant, Briggs, a New Jersey corporation. Since Abuhouran was also a citizen of New Jersey, he "dropped" Briggs from his federal suit by way of an amended complaint so as to preserve diversity. The District Court, however, found Briggs to be an indispensable party and dismissed the action without prejudice. Abuhouran v. KaiserKane, Inc., et al., No. 1:10-cv-6609-NLH-KMW, Doc. No. 95 (D.N.J. Sept. 12, 2012).

alleged in an affidavit that he had changed his residence, did not receive timely notice of NARS's motion for summary judgment and, therefore, did not have an opportunity to file a timely response. The New Jersey state court granted Abuhouran's motion and reinstated his claims. Shortly thereafter, KaiserKane moved to have its cross-claims reinstated so they could be litigated as a part of the pending Abuhouran state court litigation, but the New Jersey state court denied that motion and refused to allow KaiserKane to reinstate its cross-claims.

KaiserKane then brought this diversity action here. KaiserKane's Complaint included three causes of action: Count I – breach of contract; Count II – specific performance; and Count III – declaratory judgment. In short, KaiserKane requested damages, a declaration regarding the parties' rights under the indemnification portions of their contract, an affirmative injunction requiring NARS to comply with its purported contractual obligations to defend and indemnify KaiserKane, and costs.

Both parties filed motions for summary judgment on the Plaintiff's claims. [Docs. 20, 22]. On January 13, 2017, this Court issued its Memorandum of Decision, Order, and Declaration ("Order") on the parties' motions. [Doc. 35]. In that Order, the Court held that the Subcontract contains no duty requiring NARS to defend KaiserKane in the Abuhouran

4

litigation, but that this fact did "not prevent KaiserKane from pursuing a claim against NARS that it breached the contract by failing to obtain insurance coverage for KaiserKane as required by the contract." [Id. at 8]. The Court further held that the Subcontract provides KaiserKane with the right of indemnification by NARS in regard to the Abuhouran litigation "for any claim therein that is based on KaiserKane being derivatively liable for any wrongdoing on the part of NARS or Briggs." [Id. at 16]. The Court specifically determined that the issues of (1) whether KaiserKane should prevail on its breach of contract claim against NARS for the failure to insure and (2) whether KaiserKane's claim for indemnity was barred by N.C. Gen. Stat. § 22B-1 were not ripe for determination until the underlying Abuhouran litigation was resolved. [Doc. 35 at 15-16]. The Court therefore stayed the action pending a final judgment in the Abuhouran litigation. [Id. at 16-17].

On June 13, 2018, the Abuhouran litigation was resolved by voluntary dismissal with prejudice without an affirmative ruling on Abuhouran's claims. [Doc. 42, Exh. A]. Thereafter, this Court lifted the stay and reset this matter for trial. [Doc. 42]. Thereafter, the parties filed the present cross-motions for summary judgment. [Docs. 44, 48].

In its motion for summary judgment, KaiserKane argues that the undisputed forecast of evidence establishes that: (1) NARS is liable for

breach of § 5.1 of the Subcontract in failing to insure KaiserKane; (2) NARS is liable for breach of § 5.2 of the Subcontract for failing to indemnify KaiserKane in the <u>Abuhouran</u> litigation; (3) KaiserKane is entitled to indemnification under North Carolina's common law; (4) NARS is liable to KaiserKane for its damages, <u>i.e.</u>, attorney fees and costs, incurred in the <u>Abuhouran</u> litigation based upon NARS's (i) breach of contract and (ii) failure to indemnify KaiserKane; and (5) KaiserKane is contractually and statutorily entitled to its attorney fees and costs in the instant litigation, pursuant to the express terms of the Subcontract and the statutory exception of N.C. Gen. Stat. § 6-21.2.

NARS contends, on the other hand, that: (1) the Court has already ruled that KaiserKane is not entitled to attorneys' fees for defending against Abuhouran's claims; (2) KaiserKane has waived or abandoned the arguments it now seeks to make regarding the rights of recovery of attorneys' fees by virtue of breach of contract or indemnity by failing to raise them in its earlier summary judgment motion; (3) the indemnity provisions in the subcontract between KaiserKane and NARS were never triggered as there is not and can never be a finding of liability against NARS for which KaiserKane would be derivatively liable; (4) the contract between KaiserKane and NARS did not require NARS to provide KaiserKane a

defense and therefore NARS did not breach the contract by failing to provide such a defense; and (5) the indemnity provision at issue is void under North Carolina law.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the case." N&O Pub. Co. v. RDU Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be genuinely disputed must support its assertion with citations to the record. Fed. R. Civ. P. 56(c)(1). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue exists. Id.

7

The parties have submitted cross-motions for summary judgment under Federal Rule of Civil Procedure 56. When the parties each move for summary judgment on the same claim, the Court "must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citation omitted). In considering each of the motions for summary judgment, the Court must view the pleadings and materials presented in the light most favorable to the non-movant and must draw all reasonable inferences in the non-movant's favor as well. Adams v. UNC Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

## III. DISCUSSION

### A. Indemnification

Section 5.2 of the parties' Subcontract provides, in pertinent part, as follows:

> To the fullest extent permitted by law, [NARS] agrees to indemnify and hold harmless, [KaiserKane], the Owner, the Architect/Engineer, and all of their agents and employees from and against claims, damages, losses, and expenses, including, but not limited to, attorneys' fees arising out or resulting from the performance or failure in performance of [NARS's] work under this Agreement provided that any such claim, damage, loss, or expenses (1) is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property including

8

> the loss of use resulting there from [and] (2) is caused, in whole or in part, by any negligent act or omission of [NARS] or anyone directly or indirectly employed by [NARS], or anyone for whose acts [NARS] may be liable, regardless of whether caused in part by a party identified hereunder.

[Doc. 45-1 at 5 § 5.2].

As the Court previously held, the claims asserted in the <u>Abuhouran</u> litigation fall squarely within the purview of Article 5, Section 5.2 of the Subcontract, and thus KaiserKane has the right of indemnity with regard to the <u>Abuhouran</u> litigation for any claim asserted or expenses incurred therein that was based on KaiserKane being derivatively liable for any injury "caused . . . by any negligent act or omission" on the part of NARS or Briggs. [Doc. 35 at 12, 14-16].

The <u>Abuhouran</u> litigation is now concluded. The action was dismissed with prejudice, and without any determination of liability, direct or otherwise, against any party. Therefore, there was not – nor can there ever be – any finding that KaiserKane is derivatively liable for any negligent act or omission on the part of NARS or Briggs. Therefore, while the parties' Subcontract provides for the right of indemnity, such indemnity does not extend to the losses KaiserKane claims in this case.

9

While KaiserKane concedes that the Abuhouran litigation was dismissed with prejudice without a determination of negligence against any defendant, it nevertheless argues that it is entitled to indemnification for its attorney fees and costs incurred in defending against that litigation. Specifically, KaiserKane argues that a judgment need not entered against an indemnitee for a contract of indemnity to be enforced. In each of the cases cited by KaiserKane, however, the indemnitee had either settled the tort claim with the plaintiff or had stipulated to a finding of negligence by someone hired by the indemnitee. See In re Carolina Acoustical and Flooring, Inc., 415 B.R. 186, 194 (Bankr. M.D.N.C. 2009) (settled claim); Bridgestone/Firestone, Inc. v. Ogden Plant Maint. Co., 144 N.C. App. 503, 509, 548 S.E.2d 807, 811-12 (2001) (settled claim); Int'l Paper Co. v. Corporex Constructors, 96 N.C. App. 312, 316, 385 S.E.2d 553, 556 (1989) (stipulation by general contractor that its subcontractor was negligent). Obviously, no such settlement or stipulation exists in this case. As such, these cases do not support KaiserKane's contention that it is entitled to indemnification for the fees and costs it incurred in defending the Abuhouran litigation.

Alternatively, KaiserKane contends that it is entitled to common law indemnity under North Carolina law. Common law indemnity is an equitable

doctrine applied to resolve liability among joint tortfeasors where there exists primary and secondary liability. See Kaleel Builders, Inc. v. Ashby, 161 N.C. App. 34, 41, 587 S.E.2d 470, 475 (2003). As the North Carolina Court of Appeals has explained:

> Primary and secondary liability between defendants exists only when: (1) they are jointly and severally liable to the plaintiff; and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former.

Id. (citation omitted). Thus, in order for common law indemnity to apply, there must be "an underlying injury sounding in tort" and "the party seeking indemnity must have imputed or derivative liability for the tortious conduct from which indemnity is sought." Macy's Corporate Servs., Inc. v. Western Express, Inc., No. 1:16-cv-16, 2017 WL 1194358, at *3 (M.D.N.C. Mar. 30, 2017) (citation omitted). Here, KaiserKane is not exposed to any liability at all. There has not been, nor will there ever be, any finding that KaiserKane was either directly liable to Abuhouran or was derivatively liable to Abuhouran through the actions of NARS or Briggs. Accordingly, the doctrine of common law indemnity is simply inapplicable to this case.

For these reasons, the Court concludes that, in light of the dismissal of the Abuhouran action with prejudice, there is no loss for which KaiserKane would be entitled to indemnity. Accordingly, the Court concludes that NARS is entitled to a judgment as a matter of law with respect to KaiserKane's claim for indemnity, and this claim is therefore dismissed.[2]

### B. Breach of Contract

Both parties also move for summary judgment on KaiserKane's claim for breach of contract, which is premised on the theory that NARS breached the Subcontract by failing to name KaiserKane as an additional insured on NARS's comprehensive general liability ("CGL") policy.[3]

Section 5.1 of the Subcontract required NARS, at its own expense, to obtain various types of insurance, including CGL insurance, before commencing work on the Fort Dix Project. [Doc. 45-1 at 4-5 § 5.1]. Section 5.1 further required NARS to do the following:

> Before commencing work under this contract [NARS] shall certify to [KaiserKane] in writing that the required insurance has been obtained by furnishing

---

[2] Because KaiserKane's indemnification claim is dismissed, its request for attorneys' fees and expenses incurred in pursuing the present action must be denied.

[3] Notably, in the Complaint, KaiserKane did not premise its claim for breach of contract on NARS's alleged failure to name KaiserKane as an additional insured. Rather, KaiserKane premised its breach of contract claim solely on NARS's alleged failure to defend, indemnify, and hold harmless KaiserKane for the claims asserted by Abuhouran. [See Doc. 1 at ¶¶ 37-42].

> [KaiserKane] with a Certificate of Insurance indicating current coverage for Workers' Compensation and Employer's Liability, Public Liability, and Bodily Injury, Property Damage [I]nsurance, and Comprehensive Automobile Liability. [NARS] shall list KaiserKane, Inc. as Additional Insured, and provide a Certificate of Insurance coverage **for any other insurance** as required by the Contract Documents.

[Id.] (emphasis added).

The plain language of this provision requires NARS to name KaiserKane as an additional insured (and provide a certificate of insurance) only "for any *other* insurance" obtained by NARS. Therefore, this provision did not obligate NARS to name KaiserKane as an additional named insured on its CGL policy, as CGL coverage was already explicitly required by Section 5.1 of the Subcontract. If NARS had named KaiserKane as an additional named insured on its CGL policy, since NARS had no contractual obligation to do so, there is no requirement as to what that endorsement would have included and whether it would have provided a defense. Thus, under the terms of the contract, KaiserKane had the option of trusting NARS's carrier as to the adequacy of its defense and solvency to pay any judgment, or to hire its own attorneys – at its own expense.

There being no genuine issue of material fact, and in light of the plain language set forth in the contract between the parties, the Court concludes

that NARS is entitled to a judgment as a matter of law on this claim. Accordingly, KaiserKane's breach of contract claim is dismissed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 44] is **DENIED**; the Defendant's Cross-Motion for Summary Judgment [Doc. 48] is **GRANTED**; and this action is hereby **DISMISSED**.

A Judgment consistent with this Memorandum of Decision and Order will be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: March 20, 2019

Martin Reidinger
United States District Judge